**CRUCIBLE MATERIALS CORPORATION, Plaintiff–Appellant,**

v.

**CERTAIN UNDERWRITERS AT LLOYD'S LONDON and London Market Companies, Defendants–Appellees,**

Excess Insurance Company Limited, Minister Insurance Company Limited, National Casualty Company of Detroit, River Thames Insurance Company Limited and World Auxiliary Insurance Corporation Limited, Aetna Casualty & Surety Company, Defendants.

No. 07–3082–cv.

United States Court of Appeals, Second Circuit.

May 14, 2009.

Paul K. Stockman (Thomas E. Birsic and Michael S. Nelson, Kirkpatrick & Lockhart Preston Gates Ellis LLP, Pittsburgh, PA, and Alan J. Pierce, Hancock & Estabrook LLP, Syracuse, NY, on the brief), Kirkpatrick & Lockhart Preston Gates Ellis LLP, Pittsburgh, PA, for Appellant.

Bruce R. Grace (Timothy Perry, Sugarman Law Firm LLP, Syracuse, NY, on the brief), Baach Robinson & Lewis LLP, Washington, D.C., for Appellee.

Laura A. Foggan, Wiley Rein LLP, Washington, D.C., for Complex Insurance Claims Litigation Association, in support of defendant-appellee, Amicus Curiae.

PRESENT: WILFRED FEINBERG, JOSÉ A. CABRANES, Circuit Judges, and J. GARVAN MURTHA, District Judge.*

## SUMMARY ORDER

UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is VACATED, and the cause is **REMANDED** for further proceedings.

Plaintiff-appellant Crucible Materials Corporation ("Crucible" or "plaintiff") challenges a June 22, 2007 decision and order of the District Court awarding summary judgment to defendant-appellee Certain Underwriters at Lloyd's London and London Market Companies ("Underwriters" or "defendant") and dismissing in its entirety plaintiff's suit to recover damages for Underwriters' alleged breach of an excess liability insurance contract issued in 1968 ("the 1968 policy") that insured Crucible against property damage claims by third parties arising from Crucible's manufacturing operations at eighteen sites across the United States. *See Crucible Materials Corp. v. Aetna Cas. & Sur. Co.,* No. 5:97–CV–759, 2007 WL 1827473 (N.D.N.Y. June 22, 2007). On appeal, plaintiff contends that the District Court erred because it granted summary judgment *sua sponte* after concluding that plaintiff had failed to present evidence of the terms of the contract without affording plaintiff fair notice and an adequate opportunity to present evidence of the contract terms. We assume the parties' familiarity with the facts and procedural history of the case.

We review the District Court's grant of summary judgment *de novo,* construing all facts in favor of the non-moving party. *See, e.g., Graves v. Finch Pruyn & Co.,* 457 F.3d 181, 183 (2d Cir.2006). Summary judgment is warranted only upon a showing "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "District courts have discretion to grant summary judg-

---

* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

ment *sua sponte,* even without notice in certain circumstances." *Schwan–Stabilo Cosmetics GmbH & Co. v. Pacificlink Intern. Corp.,* 401 F.3d 28, 33 (2d Cir.2005). However, in doing so, a district court must "determine that the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried." *Id.* (internal quotation marks omitted); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (observing that "district courts are widely acknowledged to possess the power to enter summary judgment *sua sponte, so long as the losing party was on notice that [it] had to come forward with all of [its] evidence* " (emphasis added)).

In this case, the record demonstrates that plaintiff was not afforded a full and fair opportunity to demonstrate that there were genuine issues of material fact with respect to the terms of the 1968 policy. The July 6, 2001 decision and order of the District Court (Howard G. Munson, *Judge* ), which considered four of the eighteen sites listed in Crucible's complaint as preliminary test sites for pre-trial purposes in the litigation (the "test sites"), granted a motion for summary judgment by Travelers Casualty and Surety Company ("Travelers").[1] *See Crucible Materials Corp. v. Aetna Cas. & Sur. Co.,* 228 F.Supp.2d 182, 202 (N.D.N.Y.2001). The District Court then turned its attention to plaintiff's claim against Underwriters, not-

ing that, in light of the fact that plaintiff was not entitled to primary coverage from Travelers with respect to the four test sites, "it is now unclear whether Crucible is entitled to coverage under [Underwriters'] excess policies." *Id.* at 200. The District Court ordered "additional briefing from the parties that specifically addresses whether Crucible is entitled to excess coverage where all claims against the general liability carrier have been dismissed." *Id.*

Six years later,[2] the District Court's June 22, 2007 decision and order granted "the remaining portion of [Underwriters'] motion for summary judgment" and dismissed Crucible's complaint against Underwriters in its entirety. *Crucible,* 2007 WL 1827473, at *2. The District Court based its decision on its observation that plaintiff had "failed to produce a copy of the excess liability [the 1968] policy," *id.* at *1, and held that, accordingly, plaintiff had "failed" to meet "the burden of proving" the terms of the 1968 policy, *id.* at *2. However, Underwriters had not argued in its motion for summary judgment that it was entitled to prevail on the basis that there was no genuine issue as to the terms of the 1968 policy. *See* Joint Appendix ("J.A.") at 1822a-s (Underwriter's Nov. 30, 2000 memorandum of law in support of its motion for summary judgment). Although the District Court's July 6, 2001 decision and order granted summary judgment to Underwriters with respect to excess liability policies allegedly issued in 1957, it did

---

1. By agreement of the parties, defendant-appellee Travelers Casualty and Surety Company, formerly known as Aetna Casualty and Surety Company and once a party to this appeal, has been dismissed from this appeal. *See Crucible Corp. v. Travelers,* No. 07–3082 (2d Cir. Feb. 9, 2009) (stipulation to dismiss appeal). Travelers' policies supplied "primary" coverage for the same sites. With Travelers' dismissal, the only issue remaining in this case is whether Crucible was entitled

to coverage under an Underwriters excess coverage policy allegedly issued in 1968.

2. In light of the failing health of Judge Munson, who passed away on October 5, 2008, the case was reassigned to Judge Hurd on December 13, 2006. *See Crucible Materials Corp. v. Aetna Casualty and Surety Co.,* No. 5:97–cv–759 (N.D.N.Y. Dec. 13, 2006) (order of reassignment).

not note any evidentiary deficiency with respect to the 1968 policy. *See Crucible,* 228 F.Supp.2d at 201. Prior to the District Court's June 22, 2007 decision and order, neither side briefed the issue whether there existed a dispute as to the terms of the 1968 policy. *Cf. Island Park, LLC v. CSX Transp.,* 559 F.3d 96, 100–101 (2d Cir.2009) (affirming a *sua sponte* grant of summary judgment where the issue was "a question of law" that had been "fully briefed by the parties"). Indeed, in its brief in response to the question posed in the District Court's July 6, 2001 decision and order, Underwriters acknowledged the existence of a factual dispute with respect to the terms of the 1968 policy. *See* J.A. at 2594 (Underwriters' July 20, 2001 Supplemental Brief) ("Crucible itself accepts that proof of the terms and conditions of the alleged [Underwriters] 1968 excess policy *must await a jury trial.* It is Underwriters' view that Crucible will not be able to prove the terms and conditions of that alleged policy *at trial.*" (emphasis added)).

Because Crucible was not afforded adequate notice that the District Court had under advisement the question of an asserted failure to prove the terms of the 1968 policy, we hold that the District Court erred in granting summary judgment to defendant on that basis. *Cf. First Financial Ins. Co. v. Allstate Interior Demolition Corp.,* 193 F.3d 109, 114–15 (2d Cir.1999) (noting that a *sua sponte* grant of summary judgment may be upheld "[w]here it appears clearly on the record that all of the evidentiary materials that a party might submit in response to a motion for summary judgment are before the court").

We therefore vacate the District Court's June 22, 2007 decision and order granting summary judgment to Underwriters and dismissing Crucible's complaint in its entirety. We note that Crucible has not specifically challenged the District Court's July 6, 2001 dismissal of claims arising from the Conservation Chemical Corporation of Illinois site. *See Crucible,* 228 F.Supp.2d at 200. Crucible's claims arising from the Syracuse Plant have been dismissed by consent of the parties, as noted in the District Court's July 6, 2001 order. *Id.* at 202. Crucible's claims arising from the 1968 policy's alleged coverage of the other two sites addressed in the District Court's July 6, 2001 decision and order are reinstated along with Crucible's claims pertaining to the 1968 policy's alleged coverage of the other fourteen sites listed in Crucible's third amended complaint. On remand, the District Court may limit initial proceedings to consideration of the sites addressed in the July 6, 2001 decision and order before turning its attention to the remaining fourteen sites. In any event, the District Court shall conduct such expeditious proceedings as are necessary in order to afford the parties an opportunity to move for summary judgment or proceed promptly to trial.

The June 22, 2007 judgement of the District Court is VACATED, and the cause is REMANDED for further proceedings consistent with this order.